**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| ABIGAIL FREDERICK, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | CASE NO.: 7:25-CV-00063 (WLS) |
| | : | |
| MATTHEW B. PHILLIPS, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**ORDER**

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 17), filed on March 18, 2026. Therein, Defendant Matthew Phillips moves the Court for summary judgment on Plaintiffs' claims for attorney fees under O.C.G.A. § 13-6-11 and for punitive damages. For the reasons discussed below, the Motion is **GRANTED**.

**I.    RELEVANT PROCEDURAL BACKGROUND**

Plaintiffs initiated this action on March 4, 2025, by filing a lawsuit in the State Court of Lowndes County, Georgia. (Doc. 2-1). Plaintiffs sued Matthew Phillips and now-dismissed-defendant Nestor Xampala d/b/a Tree Amigos, alleging claims for negligence, vicarious liability, negligent hiring, training, and supervision, damages, attorney fees and expenses of litigation, and punitive damages. (*Id.*) On May 14, 2025, Defendant Phillips removed the case to this Court. (Docs. 1 & 2). Shortly thereafter, Nestor Xampala d/b/a Tree Amigos was dismissed from the action by the Parties' consent motion, which the Court granted on June 27, 2025. (Docs. 9 & 10). State Farm Mutual Automobile Insurance Company, which was served in this case as Plaintiffs' uninsured or underinsured motorist insurance carrier in accordance with O.C.G.A. § 33-7-11(d) and Georgia law, was also dismissed by consent motion on October 30, 2025. (Docs. 15 & 16).

Defendant Matthew Phillips, as the sole remaining defendant, filed the instant Motion for Partial Summary Judgment (Doc. 17) on March 18, 2026. Plaintiffs did not file a response. As such, the Motion is fully briefed and ripe for resolution.

1

## II.    <u>STANDARD OF REVIEW</u>

Under Fed. R. Civ. P. 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "The court need consider only the cited materials, but it may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). [1]

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "'A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.'" *Grimes v. Miami Dade Cnty.*, 552 F. App'x 902, 904 (11th Cir. 2014) (quoting *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000)). "An issue of fact is 'material' if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case." *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "It is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

---

[1] Local Rule 56 requires the movant for summary judgment to attach to the motion a separate statement of the material facts about which the movant contends there is no genuine dispute. M.D. Ga. L.R. 56. The respondent shall attach to its response a separate statement of material facts to which respondent claims there exists a genuine dispute. *Id.* The respondent shall also respond to each of the movant's numbered material facts. Here, Phillips complies with Local Rule 56.

The movant bears the initial burden of showing, by citing to the record, that there is no genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by demonstrating that the nonmoving party has failed to present evidence in support of an element of its case on which it bears the ultimate burden of proof. *See Celotex*, 477 U.S. at 322–24. Once the movant has met its burden, the nonmoving party is required "to go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quotation marks omitted). To avoid summary judgment, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. On a motion for summary judgment, the Court must view all evidence and factual inferences drawn therefrom in the light most favorable to the nonmoving party and determine whether that evidence could reasonably sustain a jury verdict. *See id.* at 587–88; *Allen,* 121 F.3d at 646. Yet the Court must grant summary judgment if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The Court must briefly address Plaintiffs' failure to respond to the Motion. Where the nonmoving party has failed to respond to a motion for summary judgment, "district court[s] cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004); *see* Fed. R. Civ. P. 56(e) advisory committee's note to 2010 amendment (explaining that "summary judgment cannot be granted by default even if there is a complete failure to respond to the motion"). While the Court need not review all the evidentiary materials on file, it must review the evidentiary materials submitted in support of summary judgment and determine whether they establish the absence of a genuine issue of material fact. *Id.* (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) (per curiam)).

III.   **FACTUAL BACKGROUND**

On October 26, 2024, Plaintiff Racheal Carter was driving on Jewel Futch Road in Lowndes County, Georgia, when she struck a piece of land clearing equipment owned by

3

Defendant Phillips. (Doc. 17-4 ¶ 1). Plaintiffs Abigail Frederick and Analise Frederick were passengers in the vehicle driven by Carter. (Doc. 2-1 ¶ 8). The equipment Carter's vehicle collided with was parked alongside the roadway, which Plaintiffs contend violated Georgia traffic laws related to the obstruction of a public road or public passage and parking in prohibited specified places. (Doc. 2-1 ¶ 9); (Doc. 17-3 ¶ 22 (citing O.C.G.A. §§ 32-1-6, 16-11-43, 40-6-203)). But according to a Georgia Motor Vehicle Crash Report prepared after the incident, Carter was found to be at fault for the collision. (Doc. 17-4 ¶ 2). In the weeks leading up to the crash, Carter had been living at an RV campground adjacent to the location of the incident on Jewel Futch Road. (*Id.* ¶ 3).

## IV.   **DISCUSSION**

Defendant moves for summary judgment on Plaintiffs' claims for attorney fees and punitive damages. The Court addresses each claim in turn.

### A.  **Attorney Fees and Expenses of Litigation**

Plaintiffs' claim for attorney fees is based on a provision of Georgia law which provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11. As a rule, "questions concerning bad faith, stubborn litigiousness, or unnecessary trouble and expense . . . are 'generally questions for the jury to decide.'" *Copeland v. Home Grown Music, Inc.*, 856 S.E.2d 325, 333 (Ga. Ct. App. 2021) (quoting *Garrett v. Women's Health Care of Gwinnett, P.C.*, 532 S.E.2d 164, 167 (Ga. Ct. App. 2000)). But, "if there is no evidence of bad faith or stubborn litigiousness, a court should grant a defendant's motion for summary judgment on a claim for attorney fees." *Id.*

Plaintiffs did not allege that Defendant acted in bad faith. So the relevant issue is whether Defendant caused them unnecessary trouble and expense. When, as here, the only asserted basis for a recovery of attorney fees is either stubborn litigiousness or the causing of unnecessary trouble and expense, "there is not any evidence to support an award . . . if a bona fide controversy clearly exists between the parties." *Brown v. Baker*, 398 S.E.2d 797, 800 (Ga. Ct. App. 1990) (citation omitted). If a genuine dispute exists, "whether of law or fact, on liability or amount of damages, or on any comparable issue[,]" an award of fees or expenses is not

authorized. *Id.* In that case, the defendant is "entitled to judgment as a matter of law on the plaintiff's claim for attorney fees and expenses of litigation . . . ." *Copeland*, 856 S.E.2d at 334 (citing *Choate Const. Co. v. Auto-Owners Ins. Co.*, 779 S.E.2d 465, 472 (Ga. Ct. App. 2015)); *see Horton v. Dennis*, 750 S.E.2d 493, 497 (Ga. Ct. App. 2013) ("Although whether a bona fide controversy exists is normally a question for the jury . . . if a bona fide controversy clearly exists between the parties, there is not 'any evidence' to support an award based on stubborn litigiousness or . . . unnecessary trouble and expense."). Here, the evidence in the Record demonstrates a bona fide controversy as to two issues: liability and the amount of damages.

As to the first issue, the Parties dispute whether the collision was caused by the negligence of Plaintiff Carter or the negligence of Defendant Phillips or the negligence of both. Defendant points to the Georgia Motor Vehicle Crash Report (Doc. 17-2), which found Carter to be at fault for misjudging clearance, to argue that she was at least partially, if not entirely, at fault for the accident. (Doc. 17-1 at 7). Plaintiffs, on the other hand, contend that Phillips violated several Georgia traffic laws by parking the land clearing equipment on Jewel Futch Road, which constitutes negligence and negligence per se, and that the collision was not the result of any negligence on the part of the Plaintiffs. (Doc. 2-1 ¶¶ 13, 16, 20); (Doc. 17-3 at 16–17). Georgia courts caution against awarding attorney fees and expenses in cases where liability is disputed on issues of negligence. *Anderson v. Cayes*, 630 S.E.2d 441, 443 (Ga. Ct. App. 2006) ("It is the general law of this state that questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly issues for jury resolution . . . . Accordingly, a genuine dispute does exist in the instant case." (quoting *Brown*, 398 S.E.2d at 800)). The evidence before the Court, even viewed in the light most favorable to Plaintiffs, demonstrates a genuine dispute as to who was at fault for the incident giving rise to Plaintiffs' claims. As such, a bona fide controversy exists between the Parties, which precludes Plaintiffs from recovering attorney fees and expenses as a matter of law. *See White v. Scott*, 643 S.E.2d 356, 359 (Ga. Ct. App. 2007) (holding that attorney fees and litigation expenses were not recoverable as a matter of law because a bona fide dispute existed as to whether the collision was caused by defendant's negligence, plaintiff's negligence, or a combination thereof).

As to the second issue, the Parties dispute the amount of Plaintiffs' damages. Plaintiffs assert claims for damages for, *inter alia*, past and future mental and physical pain and suffering.

5

(Doc. 2-1 ¶ 32). Defendant disputes the value of Plaintiffs' pain and suffering claims, which in Georgia, "are measured by the enlightened conscience of a fair and impartial jury." *Smith v. Crump*, 476 S.E.2d 817, 821 (Ga. Ct. App. 1996); (Doc. 17-1 at 9). Thus, the very nature of Plaintiffs' claimed damages establishes a bona fide dispute. *See Horton*, 750 S.E.2d at 498 (holding that trial court did not err in refusing to submit plaintiffs' § 13-6-11 claim to the jury where bona fide dispute existed as to the amount of plaintiffs' damages for personal injuries, pain and suffering, and loss of consortium arising out of a motor vehicle accident); *Brito v. Gomez Law Group*, 658 S.E.2d 178, 182–83 (Ga. Ct. App. 2008) (affirming summary judgment on § 13-6-11 claim in a legal malpractice suit where a bona fide controversy clearly existed on the issues of whether the attorney breached a fiduciary duty and the amount of the plaintiffs' damages); *French v. Dilleshaw*, 723 S.E.2d 64, 69–70 (Ga. Ct. App. 2012) (reversing award of attorney fees under § 13-6-11 where there was a genuine dispute as to the amount of lost earnings plaintiff was entitled to recover, which reasonable people might have calculated differently).

In sum, the Court finds that a bona fide dispute exists between the Parties as to liability and the amount of damages, each of which serves as independent bases to preclude an award of attorney fees and expenses of litigation under § 13-6-11. Plaintiffs are thus not entitled to an award of attorney fees or litigation expenses under § 13-6-11 as a matter of law. As a result, Defendant Phillips is entitled to summary judgment on Plaintiffs' claim in Count V.

## B. Punitive Damages

Punitive damages are available in "tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). However, it is well-settled that "[n]egligence, even gross negligence, is inadequate to support a punitive damage award." *Colonial Pipeline Co. v. Brown*, 365 S.E.2d 827, 830 (Ga. 1988). Instead, there must be "circumstances of aggravation or outrage." *Doctoroff v. Perez*, 615 S.E.2d 623, 624 (Ga. Ct. App. 2005) (citing *Artzner v. A & A Exterminators*, 531 S.E.2d 200, 205 (Ga. Ct. App. 2000)). In cases involving an automobile accident, as here, a violation of a "rule of the road" is not enough. *Id.* A plaintiff must connect the collision to "a pattern or policy of dangerous driving, such as

driving while intoxicated or speeding excessively." *Id.* (quoting *Brooks v. Gray*, 585 S.E.2d 188, 189 (Ga. Ct. App. 2003)).

Here, Defendant argues that there is no evidence of his violating a rule of the road or any pattern of dangerous driving, or more specifically, dangerous parking. (Doc. 17-1 at 10). Indeed, a review of the Record reveals no evidence of a pattern or policy of Phillips' dangerous driving. As such, and because punitive damages are not recoverable for negligence, Plaintiffs are thus not entitled to an award of punitive damages under § 51-12-5.1 as a matter of law. As a result, Defendant Phillips is entitled to summary judgment on Plaintiffs' claim in Count VI.

## CONCLUSION

In sum, Defendant's Motion for Partial Summary Judgment (Doc. 17) is **GRANTED** as to Plaintiffs' claims for attorney fees and expenses in Count V and punitive damages in Count VI. Further, the Motion for Partial Summary Judgment having been granted and the discovery period having concluded, this matter is ready for trial. Therefore, the trial in this matter is **NOTICED** for the Valdosta Division August 2026 trial term to begin on Monday, August 3, 2026. A separate Order or notice to prepare a proposed pretrial order will be issued by the Court.

**SO ORDERED**, this 4th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

7